J-S44026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO LOUIS DUNCAN, | |
| Appellant | No. 38 WDA 2014 |

Appeal from the PCRA Order Entered December 3, 2013
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000601-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.:**FILED SEPTEMBER 04, 2014**

After careful review, I respectfully dissent from the Majority's conclusion that Duncan failed to satisfy the prejudice prong of the ineffectiveness test.  For the reasons set forth herein, I would reach the opposite result, and vacate the PCRA court's order denying Duncan's petition.

The Majority rejects Duncan's ineffectiveness claim because he "never stated that he would have proceeded to trial had he known that his sentences could not be served concurrently."  Majority Decision at 7.  The prejudice standard employed by the Majority was first set forth in **Hill v. Lockhart**, 106 S.Ct. 366 (1985), where the Supreme Court of the United States held that in the guilty plea context,

> [t]he second, or 'prejudice' requirement [of the ineffectiveness test] … focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other

1

words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* at 370.

I disagree with the Majority that Duncan's ineffectiveness claim trigged application of the prejudice standard set forth in **Hill**. In the more recent case of **Missouri v. Frye**, 132 S.Ct. 1399 (2012), the Supreme Court clarified its holding in **Hill**, stating:

> In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Hill** was correctly decided and applies in the context in which it arose. **Hill does not, however, provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations.** Unlike the defendant in **Hill**, Frye argues that with effective assistance he would have accepted an earlier plea offer (limiting his sentence to one year in prison) as opposed to entering an open plea (exposing him to a maximum sentence of four years' imprisonment). **In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland's* inquiry into whether "the result of the proceeding would have been different," 466 U.S., at 694, 104 S.Ct. 2052, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.**

*Id.* at 1409-1410 (emphasis added).

Here, Duncan does not argue that Attorney Yost's ineffectiveness compelled him *to accept the plea offer rather than proceeding to trial*; instead, he maintains that Attorney Yost ineffectively *negotiated* a plea deal

2

involving a legally impossible sentence. *See* Appellant's Brief at 7 ("Appellant relied on his attorney['s] negotiating a plea that was legal and enforceable, [and] Attorney Yost's failure to do so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."). Because I construe Duncan's ineffectiveness claim as involving Attorney Yost's conduct during the plea negotiation process, I would apply *Frye's* prejudice standard of proving that the outcome of the proceeding would have been different, not the standard announced in *Hill* and applied by the Majority.

Moreover, under the *Frye* standard, I would conclude that Duncan proved the prejudice prong of the ineffectiveness test. At the PCRA hearing, Duncan unequivocally – and repeatedly – stated that he would have rejected the instant plea had he known that concurrent sentences were impossible. *See* N.T. PCRA Hearing, 10/24/13, at 11, 15. He testified that he would have tried to negotiate a "better deal" involving a lesser term of incarceration. *Id.* at 11. Considering that the Commonwealth agreed to concurrent sentences in the instant plea deal, there is a reasonable probability that the Commonwealth would have agreed to a lesser term of incarceration had it been aware that concurrent sentences were legally impossible. Therefore, had Attorney Yost not acted ineffectively in the negotiation process, Appellant likely would have received a plea deal involving a lesser term of incarceration. In other words, the outcome of the proceeding would have been different. Accordingly, Duncan proved he was prejudiced by Attorney Yost's ineffectiveness.

In any event, I also disagree with the Majority's hyper-technical conclusion that Duncan failed to meet the prejudice standard enunciated in *Hill*, *i.e.*, that he would not have pled guilty and would have insisted on going to trial. When Duncan was asked at the PCRA hearing, "would you have entered into that plea agreement if you would have known that you could not have your time run concurrent with the old sentence and the new sentence," Duncan replied, "No." N.T. PCRA Hearing at 11. He elaborated that, instead, he "would have tried to come to some better deal…." *Id.* Duncan later reiterated that he "definitely" would not have accepted the instant plea had he known about the impossibility of concurrent sentences. *Id.* at 15. Given Duncan's unequivocal testimony that he would have rejected the instant plea offer, I believe it is reasonable to conclude that had his attempts to negotiate a "better deal" failed, he would have insisted upon going to trial. Thus, I would conclude that Duncan satisfied his burden of proving prejudice even under *Hill's* standard.[1]

Accordingly, I would vacate the PCRA court's order denying Duncan's petition.

---

[1] I also question the legality of Duncan's sentence, which is legally impossible under the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5). *See Commonwealth v. Berry*, 877 A.2d 479, 483 (Pa. Super. 2005) ("[A] sentence is illegal where a statute bars the court from imposing that sentence.").